# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4531 | **DATE** | September 14, 2011 |
| **CASE TITLE** | William Kaywood (#438234) (2009-0031700) vs. Kolnicki | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is denied without prejudice. Plaintiff is given 30 days from the date of this order either to file an amended *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) or to pay the full $350 filing fee. The complaint on file is dismissed without prejudice. Plaintiff is also granted thirty days to submit an amended complaint (plus a judge's copy and service copies). If Plaintiff does not timely comply with this order, this case shall be dismissed on the understanding that he does not wish to proceed in federal court at this time.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

  Plaintiff, a pretrial detainee, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.
  Local Rule 3.3 of this Court requires that persons seeking leave to file *in forma pauperis* to file both an *in forma pauperis* petition and a financial affidavit. The court supplies an *in forma pauperis* petition form, which requires inmates to obtain a certificate stating the amount of money they have on deposit in their trust fund account. The Prison Litigation Reform Act also requires inmates to provide a certified copy of their trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint. Plaintiff's motion for leave to proceed *in forma pauperis* is not certified by the trust fund officer and does not include a certified copy of their trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint. If plaintiff wants to proceed on his complaint, he must file a new motion for leave to file *in forma pauperis* on the court's form and have an authorized official provide information regarding plaintiff's trust fund account, including a copy of his trust fund account. Plaintiff must also write the case number in the space provided for it. Failure to complete the required form fully or otherwise comply with this order are grounds for dismissal of the suit. *See Zaun v. Dobbin*, 628 F.2d 990 (7th Cir. 1980).
  Furthermore, under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees.
  Plaintiff alleges that on October 8, 2010, he was in the bull pen after coming from state court. Plaintiff had cuffs on his wrists and ankles. Plaintiff requested to use the washroom and Officer Kolnicki took the cuffs off Plaintiff so he could use the washroom. While using the washroom, Plaintiff heard the bull pen doors open and then he was attacked by two other detainees. Correctional Officers came into the bull pen, broke up the fight, retrieved a knife from one of the detainee's that attacked Plaintiff, and sent Plaintiff for medical attention. Plaintiff alleges that he is bringing suit for deliberate indifference and inadequate security precautions. Plaintiff names Officer Kolnicki in the caption of the complaint but lists Officer Kolnicki, Officer Baker, and a John Doe Officer as Defendants within the complaint.
  Plaintiff must submit an amended complaint, as the document on file fails to state a claim upon which relief can be granted.
  Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, (1957)). Plaintiff makes no alleges against Officer Baker or a John Doe Officer. Thus, he

| STATEMENT |
|---|

fails to state a claim against either Defendant.

Furthermore, the allegations against Officer Kolnicki fail to state a claim for deliberate indifference to either his medical needs or to his safety. Plaintiff specifically alleges that he was taken for medical treatment for his injuries. As to any claim for deliberate indifference to his safety, as a pretrial detainee, Plaintiff's claim that the Defendants failed to protect him from harm is analyzed under the Due Process Clause of the Fourteenth Amendment. *See Grieveson v. Anderson*, 538 F.3d 763, 771-72 (7th Cir. 2008). Prison/jail officials have a duty to protect prisoners from violence by other inmates. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1988); *Grieveson*, 538 F.3d at 775; *Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). To succeed on a claim based on a prison official's failure to protect an inmate, a plaintiff must demonstrate that: (1) the conditions of his confinement posed a substantial risk of harm and (2) that a prison official was deliberately indifferent to that risk. *See Grieveson*, 538 F.3d at 775; *Pinkston*, 440 F.3d at 889. Conduct by the prison official that is simply negligent or inadvertent is not sufficient. Instead, the prison official must have subjective knowledge of a substantial risk of serious harm and he must fail to take reasonable measures to prevent that harm from occurring. *See Grieveson*, 538 F.3d at 775; *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999).

Plaintiff's allegations fail to rise to a substantial risk of serious harm. When [Seventh Circuit] cases speak of a 'substantial risk" that makes a failure to take steps against it actionable under the Eighth or Fourteenth Amendment, they also have in mind risks attributable to detainees with known "propensities' of violence toward a particular individual or class of individuals; to 'highly probable.'" *Brown*, 398 F.3d at 911. This general definition of "substantial risk" includes "risks so great that they are almost certain to materialize if nothing is done." *Brown*, 398 F.3d at 911. Regrettably, "[p]risoners are dangerous (that's why many are confined in the first place) . . . . Some level of brutality and sexual aggression among them is inevitable no matter what the guards do." *Birch v. Jones*, No 02 C 2094, 2003 WL 21210107, * 3 (N.D. Ill. may 21, 2003 (Bucklo, J.), quoting *McGill v. Duckworth*, 944 F.2d 344, 348 (7th Cir. 1991). "An unfortunate random act of violence in a prison . . . does not impose liability on prison officials." *Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 519 (7th Cir. 2002). Furthermore, Plaintiff does not allege that any Defendant had knowledge of the risk of harm to Plaintiff and/or that they disregarded that risk harm. Thus, Plaintiff's minimal allegations fail to state a claim against a named-Defendant.

For the foregoing reasons, the Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to file an amended complaint. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, Plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each Defendant named in the amended complaint.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

In summary, Plaintiff must, on or before 30 days from the date of this order, **either** file an amended *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) **or** pay the full $350 filing fee **and** submit an amended complaint. If Plaintiff does not timely comply with this order, this case shall be dismissed.